**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Patricia Lenhart**, <br><br> Plaintiff, <br><br> vs. <br><br> **El Charro Restaurant, Inc.**, an Arizona corporatin; and **Eva Orta and Mario Orta**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Patricia Lenhart ("Plaintiff" or "Patricia Lenhart"), sues the Defendants El Charro Restaurant, Inc.; and Eva Orta and Mario Orta, a married couple, (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the Arizona Minimum Wage Act ("AMWA") Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

5. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

6. Defendants violated the CAA and FLSA by not allowing Plaintiff to retain all the tips she earned, in violation of 29 U.S.C. § 203(m).

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action

over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

9. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

10. At all material times, Defendant El Charro Restaurant, Inc., was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant El Charro Restaurant, Inc., does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

11. At all relevant times, Defendant El Charro Restaurant, Inc., was a Mexican Restaurant located in Mesa, Maricopa County, Arizona.

12. Under the FLSA, Defendant El Charro Restaurant, Inc., is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant El Charro Restaurant, Inc., had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of

payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant El Charro Restaurant, Inc., in relation to the company's employees, Defendant El Charro Restaurant, Inc., is subject to liability under the FLSA.

13. Defendants Eva Orta and Mario Orta are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Eva Orta and Mario Orta are owners of Defendants El Charro Restaurant, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Eva Orta and Mario Orta are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Eva Orta and Mario Orta had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant El Charro Restaurants, Inc. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Eva Orta and Mario Orta are subject to individual liability under the FLSA.

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

24. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

28. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

29. Defendants El Charro Restaurants, Inc. and Eva Orta and Mario Orta own and/or operate as "El Charro," a Mexican food restaurant located in Maricopa County, Arizona.

30. Plaintiff was hired by Defendants to work as a server in approximately June 2021.

31. At all relevant times, Plaintiff worked for Defendants until approximately June 8, 2022.

32. At all relevant times, in her work for Defendants, Plaintiff worked as a server.

33. Defendants, in their sole discretion, paid Plaintiff approximately $10 per hour.

34. Defendants classified Plaintiff as W-2 employee.

35. During her final two workweeks with Defendants, Plaintiff worked approximately between 35 and 40 hours.

36. Defendants failed to compensate Plaintiff any wages whatsoever for her final two workweeks of employment.

37. Therefore, for the final two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

38. Shortly after Plaintiff's employment ended, Plaintiff went to Defendants' restaurant to return her uniforms to Defendant Eva Orta and to obtain her final paycheck.

39. During this meeting, Plaintiff asked Defendant Eva Orta for her final paycheck.

40. In response, Defendant Eva Orta told Plaintiff that she mailed Plaintiff's final paycheck to her at an address Defendant Eva Orta knew to be her previous address.

41. As such, despite knowing that Plaintiff had changed addresses, Defendant mailed the check to Plaintiff's previous address.

42. During the same meeting, Plaintiff informed Defendant Eva Orta that Defendants had mailed the check to the wrong address.

43. In response, Defendant Eva Orta stated that the paycheck was no longer her problem.

44. A few days later, Plaintiff asked Defendant Eva Orta to reissue Plaintiff's final paycheck.

45. In response, Defendant Eva Orta refused to reissue the check.

46. To date, Defendants still have not paid any wages whatsoever to Plaintiff for such time worked.

47. In addition to her $10 hourly rate of pay, Plaintiff earned tips pursuant to the FLSA and AMWA's tip credit provisions.

48. Defendants operated pursuant to a policy and practice of paying out all of Plaintiff's credit card tips on each payday, instead of allowing Plaintiff to retain all tips she earned on a per-shift basis.

49. For her final paycheck, in addition to not paying wages due and owing to Plaintiff as described above, Defendants improperly retained all of the tips Plaintiff earned that should have been paid to her in her final paycheck.

50. As a result of not having paid any wage whatsoever to Plaintiff during her final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

51. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

52. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

53. Plaintiff was a non-exempt employee.

54. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

55. Plaintiff is a covered employee within the meaning of the FLSA.

56. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

57. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

58. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of her employment, Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

61. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

62. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Patricia Lenhart, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: FLSA – MINIMUM WAGE
IMPROPER TIP RETENTION**

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants did not allow Plaintiff to retain all tips she earned, in violation of 29 U.S.C. § 203(m).

65. Defendants did not allow Plaintiff to retain all tips they earned because they subjected Plaintiff to Defendants' policy and practice of not paying out all tips she earned.

66. Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m) and the CAA.

67. Defendants therefore failed and/or refused to allow Plaintiff to retain all tips she earned according to the provisions of the FLSA for each and every workweek that she worked for Defendants, in violation of 29 U.S.C. § 206(a).

68. Plaintiff is therefore entitled to compensation for tips wrongfully retained, to be proven at trial, plus liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Patricia Lenhart, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of her employment, Defendants willfully failed or refused to pay Plaintiff the Arizona minimum wage.

71. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

72. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Patricia Lenhart, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 5th day of August, 2022.

                              BENDAU & BENDAU PLLC

                              By: */s/ Clifford P. Bendau, II*
                              Clifford P. Bendau, II
                              Christopher J. Bendau
                              *Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Patricia Lenhart, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, she believes them to be true.

_____
Patricia Lenhart (Aug 5, 2022 13:30 PDT)
Patricia Lenhart